(112 App. Div. 533)

### WEISS v. BLEIER et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

BROKERS—ACTION FOR COMPENSATION—EVIDENCE.
In an action by brokers for a commission for the sale of property, evidence *held* to show that the defendant was not the owner of the property, that the brokers knew this fact, and that the brokers had released their claim for commission as against the sellers because of the receipt of commission from the buyers.

Appeal from Trial Term, New York County.

Action by Morris Weiss against Josephine Bleier and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant Bleier appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Henry Brill, for appellant.
Julius Hilbern Cohn, for respondent.

INGRAHAM, J. The plaintiff, Morris Weiss, and the defendant Adolph Weiss were copartners as real estate brokers. The firm acted as brokers in negotiating an exchange of real property for the defendant Bleier. Subsequently the copartnership was dissolved. The plaintiff then requested his partner to join with him in commencing an action against the defendant Bleier for the commissions claimed to have been earned upon such exchange of property. That request having been declined, the plaintiff brought this action, making his former partner a defendant. The complaint alleges that the defendant Josephine Bleier was the owner of property in the city of Yonkers; that she engaged the services of the plaintiff and the defendant Adolph Weiss, who were then copartners, to negotiate a sale or exchange of the property described, and agreed to pay the said firm the sum of $1,500 for their services as such brokers; the performance of this contract by the firm; the execution of a written contract between the defendant and a purchaser of the property, and the execution and delivery by the defendant Bleier of a deed of the premises in pursuance of that contract; that

thereafter the copartnership was dissolved; that the claim for commission was not disposed of as between such partners, but the same was the property of the plaintiff and the defendant Adolph Weiss as such copartners; and the complaint demands judgment for the sum of $1,500, the amount of the brokerage. The defendant denies all the allegations of the complaint, except the allegation that no part of this sum of $1,500 was paid by the defendant, and as a defense to the action she alleges that, while this property stood in her name, she had no actual or beneficial interest in the property, but that she was the agent or title holder merely for Stein, Cohen & Roth, a corporation organized and existing under the laws of the state of New York, which said corporation was the actual owner of said premises, all of which facts were at the time known to the plaintiff; that all the services rendered were rendered for the benefit of the said corporation, and not for defendant; and, as a further defense, that the plaintiff and the defendant Adolph Weiss were the brokers employed by the purchaser of the property, and received as brokerage from the purchaser a large sum of money, to wit, the sum of $1,500, and that it was agreed between the plaintiff and his copartner, the defendant Adolph Weiss, with Stein, Cohen & Roth, the corporation aforesaid, that no brokerage or commission was to be paid for the transfer of the Yonkers property; and that this defendant was not the actual purchaser of the Seventh avenue property, and never had any actual or beneficial interest therein—all of which was well known to this plaintiff.

Upon the trial Bernhard Mayer, the purchaser of the property, which stood in the name of the defendant, was called as a witness. He testified that he employed the copartnership of which the plaintiff was a member to represent him in the transaction; that after the deal was consummated the purchaser paid to the plaintiff's firm the sum of $1,500 as their commissions; that the defendant Adolph Weiss was the party with whom the exchange of property was negotiated, although he had some interviews with the plaintiff. The defendant Adolph Weiss testified that he was the senior partner of the firm of Weiss Bros., of which the plaintiff was the junior partner; that the corporation of Stein, Cohen & Roth employed the firm to sell this Yonkers property; that the witness offered this property to Bernhard Mayer in exchange for some property on Seventh avenue and Twenty-Second street; that before the arrangement was finally consummated, the witness released any commissions for the sale of the Yonkers property to be paid by Stein, Cohen & Roth; that Mayer, the purchaser of the Yonkers property, agreed to pay him a commission of $1,500; and in order to carry through the deal he released the commissions for the sale of the Yonkers property. The fact that this agreement was made was also testified to by Cohen and Stein, who were connected with the corporation that in fact owned the property. The evidence is clear that the principal member of the plaintiff's firm that had to do with this transaction was the defendant Adolph Weiss. No special agreement was made with the plaintiff by which the firm was to receive any commissions for this exchange. There was no agreement by which this defendant was to pay commissions, and the evidence was undisputed that the property really belonged to the corporation. The

defendant conveyed the property at the request of the corporation, who, so far as appeared, received the consideration. It having been proved by undisputed evidence that before the transaction went through Weiss Bros. agreed that they should not be entitled to commissions on the sale of the Yonkers property, the verdict of the jury was clearly against the weight of evidence. The agreement was not at all improbable. This firm of brokers was to receive $1,500 from the other party to this transaction, and if this firm was willing to accept the $1,500 as their compensation for the transaction there is no reason why they should not do it; but on this evidence a verdict holding the defendant liable for commissions on this exchange of property cannot stand.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.